UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM J. SANDERS,

    Petitioner,

v.                                               Case No. 23-CV-916

WARDEN MICHAEL GIERACH,

    Respondent.

# RECOMMENDATION AND ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

William J. Sanders, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. § 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas

petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U.S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *25 (E.D. Wis. July 26, 2005). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Sanders states that he appealed his conviction but identifies the court to which he appealed as the Waushara County Circuit Court. (ECF No. 1 at 2.) There is no indication that he ever sought relief in the Wisconsin Court of Appeals even though Sanders states that he twice appealed "to the highest state court having jurisdiction." (ECF No. 1 at 5.) As to each of his claims, he again identified the Waushara County Circuit Court as the court to which he appealed the denial of his motion for post-conviction relief. (ECF No. 1 at 6, 7.) Although Sanders attached a number of documents to his petition, none reflect

2

any proceeding having occurred in the Wisconsin Court of Appeals or Supreme Court. A review of the Wisconsin Court System Supreme Court and Court of Appeals Access program, https://wcca.wicourts.gov/, does not indicate Sanders having taken any action in either of these courts with respect to the conviction he seeks to challenge in his present petition.

Ordinarily, before dismissing a petition for failure to exhaust at the Rule 4 stage, a court should afford the petitioner an opportunity to respond. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). There are exceptions, however—for example, when it is clear that the petitioner has made no effort to exhaust his state remedies. *See, e.g., Belmares v. Schmidt*, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016).

Because Sanders has made no effort to exhaust his state remedies, the court will recommend that his petition be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED** that Sanders's petition and this action be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this

recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of August, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge